UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 08-456-JBC

HEATHER MCKEEVER and
SHANE HAFFEY,                                                                                  PLAINTIFFS,

V.                                   MEMORANDUM OPINION AND ORDER

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, et al.,                                                   DEFENDANTS.

* * * * * * * * * *

This matter is before the court on the motion to dismiss by the defendant, Mortgage Electronic Registration Systems ("MERS"). R. 12. For the following reasons, the court will grant the motion.[1]

**I.      Background**

This action is one of five consolidated cases involving the mortgage and loan note on property located at 3250 Delong Road ("the real estate"). The plaintiffs, Heather McKeever and Shane Haffey, brought suit to quiet the title of this property. MERS filed a motion to dismiss on April 13, 2009. R. 12. MERS assigned its interest in the real estate to Deutsche Bank Trust Company on September 25,

---

[1] On March 12, 2010, the plaintiffs, Heather McKeever and Shane Haffey, filed a surreply (R. 56) to the motion to dismiss (R. 12). The clerk has filed this as a tendered document, and the court has considered it in ruling on the motion. The parties are reminded, however, that they must seek leave of the court before filing such documents.

2009, and the assignment was recorded on October 7, 2009. R. 54, Exh. A-1. As part of the consolidation process, U.S. District Judge Karen Caldwell denied the motion to dismiss (R. 12) on October 19, 2009 (R. 32). The undersigned judge ordered that the motion be reinstated on February 11, 2009. R. 51. As part of the supplemental briefing pursuant to that order, MERS filed a supplemental reply on March 1, 2010, in which it requested dismissal or summary judgment based on the fact that it no longer claimed an interest in the property. R. 54.

**II. Analysis**

Pursuant to Fed. R. Civ. P. 12(b)(6), the court construes the complaint in the light most favorable to the plaintiffs and accepts all factual allegations as true. *See Wyser-Pratte Mgmt. Co. v. Texlon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005). "In addition to the allegations in the complaint, the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Id.*

Here, the plaintiffs cannot pursue their quiet-title claim against MERS because MERS has disclaimed any interest in the property. R. 54 at 2; R. 54, Exh. 1 at 3-4. Kentucky Revised Statute §411.120 provides that

> [a]ny person having both the legal title and possession of land may prosecute suit, by petition in equity, in the circuit court of the county where the land or some part of it lies, **against any other person setting up a claim to it.**

KRS §411.120 (emphasis added). Here, MERS assigned its interest in the real estate to Deutsche Bank, and that assignment was recorded on October 7, 2009.

R. 54, Exh. 1. There is no indication that MERS had or has any interest in the real estate beyond what it assigned to Deutsche Bank. R. 54 at 2. Accordingly, plaintiffs have not pled facts showing that they are entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

The plaintiffs have also made several allegations regarding alleged fraudulent conduct by MERS. Specifically, they have alleged that "MERS is illegally and fraudulently listed in the public records of Fayette County"; that the assignment of the mortgage to MERS was "fraudulent"; and that there "may be persons and/or unknown entities interested in the subject matter action," and that if such unknown claimants exist, then "MERS conspired with and colluded with the unknown entities to commit fraudulent and illegal acts." R. 1, Attach. 1 at 4-5. Although the court must accept all factual allegations in the complaint as true, this tenet does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1936, 1949 (2009). The complaint is devoid of factual allegations that might allow the court to infer that MERS or any of the "unknown persons who claim any interest in the subject matter of this litigation"[2] is liable for any fraudulent conduct. *See id.* Moreover, the prayer for relief seeks only to quiet title, and the plaintiffs have not sought to amend their complaint to include fraud claims. Thus, given the dismissal of the claims to quiet title, no viable claims remain before this court.

---

[2]Although the plaintiffs named "all unknown persons who claim an interest in the subject matter of this litigation" as a party, they have neither served nor constructively served such parties. *See* Fed. R. Civ. P. 4(m); Ky. R. Civ. P. 4.05. Accordingly, MERS is the only party to this action.

## III.     Conclusion

Accordingly, **IT IS ORDERED** that MERS's motion to dismiss (R. 12) is **GRANTED**.  A judgment in this case will be issued separately.

Signed on  March 16, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY